UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PERCIVAL LARONE WILLIAMS,

    Plaintiff,

v().                                                      Case No. 1:22cv337-AW-HTC

SHEILA TAYLOR,

    Defendant.

_____/

REPORT AND RECOMMENDATION

Plaintiff Percival Larone Williams, a pretrial detainee proceeding *pro se* and *in forma pauperis*, files this action against one Defendant, Sheila Taylor, for making a domestic violence complaint against him to law enforcement.[1]  ECF Doc. 5. Plaintiff claims Taylor violated his civil rights and his constitutional rights and seeks relief under 42 U.S.C. § 1983.  Upon review, the undersigned recommends this case be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B) as malicious for

---

[1] Plaintiff references the complaint having resulted in criminal case *Florida v. Williams*, No. 01-2022-CF-1194-A (Fla. 8th Cir. Ct.).  In a subsequently filed memorandum, Plaintiff attaches a police report, ECF Doc. 7 at 4, which indicates law enforcement were called to respond to an alleged domestic battery involving Taylor and Plaintiff.  *Id.*  Taylor reported being physical struck by Plaintiff and law enforcement observed injuries on Taylor.  *Id.*

abuse of the judicial process due to Plaintiff's failure to disclose his litigation history and for failure to state a claim.

## I. STANDARD OF REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915 *et seq.*, "the court shall dismiss the case at *any time* if the court determines that . . . the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B) (emphasis added); *see also* 28 U.S.C. § 1915A(b).

## II. FAILURE TO DISCLOSE

Section VIII of Plaintiff's amended complaint, entitled "PRIOR LITIGATION," asks the following questions: (1) "**To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a "strike**" (subsection VIII-A); (2) "**Have you filed other lawsuits in either *state or federal court* dealing with the same facts or issue involved in this case**" (subsection VIII-B) (emphasis in original); and (3) "**Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement**" (subsection VIII-C). ECF Doc. 5 at 8–11.

Plaintiff answered "NO" to each question and failed to identify any cases.[2] In Section IX, Plaintiff declared "under penalty of perjury that the foregoing (including all continuation pages) is true and correct." ECF Doc. 5 at 12.

Upon investigation, the Court discovered Plaintiff's responses are false. Plaintiff did not disclose *Williams v. Pena, et al.*, No. 1:21-cv-00161-AW-GRJ (N.D. Fla.), a case in which Plaintiff sought to challenge his prosecution and imprisonment, as well as the conditions of his confinement. Plaintiff not only failed to disclose having filed this case, but also failed to disclose that it had been dismissed for failure to state a claim – a reason qualifying as a strike under § 1915(g). Plaintiff also failed to disclose *Williams v. Daniels, et al.*, No. 1:22-cv-00332-AW-MAF (N.D. Fla.), a case Plaintiff filed within days prior to initiating this action, alleging claims against other individuals also stemming from the same domestic incident with Taylor.[3]

Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or

---

[2] In the original complaint, ECF Doc. 1, Plaintiff answered "Yes" to the question regarding other federal or state lawsuits involving the same issue or facts, but did not identify any cases. ECF Doc. 1 at 9.

[3] The Defendants in the *Daniels* case are Katrina Daniels, one of Taylor's friends who also provided statements to the police, and Deputy Chad Dugan, the responding officer. ECF Doc. 7 at 3.

Case No. 1:22cv337-AW-HTC

responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. Also, Plaintiff knew from reading the complaint form that disclosure of all prior cases was required. The complaint form expressly warns prisoners: "***Failure to disclose all prior cases may result in the dismissal of this case.***" ECF Docs. 1 & 5 at 11 (emphasis in original). Nonetheless, Plaintiff made at least two false representations in each of his complaints. If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.

The Court should not allow Plaintiff's false response to go unpunished. An appropriate sanction for Plaintiff's failure to provide the Court with true factual responses is to dismiss this case without prejudice. *See Bratton v. Sec'y DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing case without prejudice when prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, No. 5:08cv300-RS-EMT, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence."). As one district judge from this District recently stated in an order of dismissal for failure to

disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, at ECF Doc. 52 (N.D. Fla. June 7, 2020).

Indeed, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history). Plaintiff's failure to truthfully disclose his litigation history was "malicious" under the PLRA, § 1915(e)(2)(B)(i), and is grounds for dismissal.

### III. FAILURE TO STATE A CLAIM

As an additional ground for dismissing this action, Plaintiff has not stated— and cannot state—a claim for relief against the Defendant under section 1983. To state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege: (1) a violation of federal law or the Constitution; and (2) that the alleged violation was committed by

a person acting under the color of state law. *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) (per curiam).

Taylor is clearly not a person "acting under the color of state law." *See id.* She is a private citizen, who according to Plaintiff, works at Wendy's. ECF Doc. 5. Thus, Taylor cannot be liable under § 1983 for violating any of Plaintiff's constitutional rights. *See Focus on the Fam. v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003) ("the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful"). The amended complaint should be dismissed pursuant to § 1915(e)(2)(B)(ii) of the PLRA.

Accordingly, it is respectfully RECOMMENDED:

1.  This case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B) as malicious for abuse of the judicial process due to Plaintiff's failure to disclose his litigation history and for failure to state a claim.

2.  The clerk be directed to close the file.

At Pensacola, Florida, this 13th day of January, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1.